IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM NEAL, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LEAVITT, | : | No. 06-5221 |
| Secretary of Health and | : | |
| Human Services, | : | |
| Defendant | : | |

### REPORT AND RECOMMENDATION

TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE                                                                                June 18, 2007

      This case arises in an unusual procedural posture and even more unusual factual setting.

      Plaintiff William Neal, who is represented by counsel, seeks to compel the Commissioner to resume making disability payments, which were discontinued in March, 2006.  The Social Security Administration determined it had erroneously paid Neal $126,379 in benefits for more than 14 years, but permitted him to keep the money.  Neal, who claims he is now disabled, penniless, suicidal, and on the verge of homelessness, seeks judicial review of the Commissioner's decision.  In the alternative, he seeks remand for factual findings, conclusions of law, and an administrative hearing.  Neal invokes the legal remedy of equitable estoppel to compel the Commissioner to resume paying benefits.

      On June 15, 2007, I heard oral argument and accepted additional evidence offered by Neal.  For the following reasons, I respectfully recommend his request be denied and the Commissioner's motion to dismiss be granted.  In the alternative, even if Neal's claim is subject to judicial review, his request is meritless for the reasons set forth below.

**I.     Background**

The parties agree on the underlying material facts and procedural history, which I summarize here based on Neal's pleadings, and on the April 2, 2007 sworn declaration of Carol Jones, acting chief of Court Case Preparation and Review Branch 2 of the Social Security Administration's Office of Appellate Operations, Office of Disability Adjudication and Review.

Neal sought disability insurance benefits on November 14, 1991.  Such benefits are paid to a claimant who can establish he became disabled before the date his insured status lapses.  Insured status generally lapses five years (or 20 quarters) after a claimant last worked, and the insured period is extended during those months in which a claimant is disabled.  See 42 U.S.C. §§ 414(a), 423(a)(1), 423(c)(1); 20 C.F.R. §§ 404.130-32, 404.315.

On June 28, 1995, an Administrative Law Judge ("ALJ") issued a partially favorable decision.  The ALJ found Neal was disabled from a work-related back injury, but limited benefit payments to the period from December 8, 1987 to July 30, 1992.  Neal challenged the decision, but the Appeals Council denied Neal's request for review on April 2, 1997.  Neal did not seek judicial review of the Appeals Council decision within the required 60-day period, which would have expired on June 6, 1997.  See 42 U.S.C. § 405(g).

Five events unfolded that led to the current dispute:

1.     The Social Security Administration made what it labels an "administrative error" placing Neal in the status of continuing to receive disability benefits, instead of receiving benefits only through July 30, 1992, as the ALJ had ordered.

2.     Neal claims he was severely injured in a bicycle accident on June 8, 1997, resulting in a coma.  Neal's counsel then petitioned the Appeals Council on July 29, 1997 and

May 20, 1998, requesting an extension of the 60-day deadline to file a civil suit challenging the ALJ's 1995 decision, which the Appeals Council refused to review on April 2, 1997. On June 23, 1998, an administrative appeals judge denied the request based on Neal's failure to show good cause. The judge noted that evidence of the 1997 bicycle accident could not impact the ALJ's 1995 decision to award benefits for the 1988-1992 period. In addition, the judge observed that Neal was already receiving disability benefits. See June 23, 1998 Order of Appeals Council Denying Request for Extension of Time to File Civil Action.

       3.       Between July, 1998 and September, 1998, Neal's counsel, Mark A. Hoffman, Esquire, claims he was hospitalized and not working. Although Hoffman claims to have hired an attorney to handle his law practice, he admits no request for reconsideration or other challenge was made to the Commissioner's June 23, 1998 denial of his request for an extension of time to file a civil suit challenging the ALJ's 1995 decision.

       4.       In February, 1999, the Commissioner reviewed Neal's disability status and arranged for Neal to be examined by Dr. Marc E. Jaffe on April 6, 1999 to determine whether Neal was "still disabled." See March 18, 1999 Letter from a disability claims adjudicator for the Commonwealth Department of Labor & Industry. The Commissioner then advised Neal he had "reviewed the evidence in your Social Security disability claim and find that your disability is continuing." See May 24, 1999 letter from Regional Commissioner Larry Massanari.

       5.       Until 2006, the Commissioner erroneously continued Neal's monthly benefits.

Neal's benefits may have continued indefinitely had attorney Hoffman not contacted the Commissioner in 2003 in an attempt to eliminate an offset against Neal's disability payments based on his receipt of worker's compensation payments. Upon receiving no response to his

inquiry, Hoffman demanded a hearing on the offset issue before an ALJ.  After reviewing Neal's file, however, the Commissioner discovered his error and realized Neal had not been entitled to any benefits since September, 1992, resulting in an overpayment of $126,379.

On March 27, 2006, the Commissioner deemed Neal no longer disabled, demanded repayment of $126,379, and granted him 60 days to challenge its determination.  The Commissioner included the following notice:

> **Do You Think We Are Wrong?**
> If you disagree with this decision, you have the right to appeal.  We will review your case and consider any new facts you have.  A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have.  We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.  You have 60 days to ask for an appeal.

See March 27, 2006 Notice of Change in Benefits.

On May 3, 2006, Neal filed an appeal of the March, 2006 change in his benefits.  In addition, attorney Hoffman sent several letters offering updates on Neal's medical condition, treatment history, and diagnostic test results.  See Letters dated June 22, 2006, September 8, 2006, September 12, 2006, September 25, 2006, September 29, 2006.

Rather than addressing the merits of Neal's challenge to the March 27, 2006 notice deeming him no longer disabled, the Commissioner treated the 2006 appeal as "a request for reconsideration of the Appeals Council's decision dated April 2, 1997."  See October 5, 2006 Notice of Dismissal.  Accordingly, the Commissioner deemed Neal's appeal untimely by more than nine years, and found he had not shown good cause for the untimely appeal.  Two weeks later, however, the Commissioner informed Neal he was waiving collection of the $126,379

overpayment, explaining: "It was not your fault that you got too much Social Security money," and that repayment would preclude Neal from paying essential living expenses or would be unfair.  See October 18, 2006 Overpayment Information.

Neal then petitioned for Supplemental Security Income ("SSI") payments, claiming he was unable to work because of the following conditions: "spinal injury, broken hip, pelvis and left leg in several locations, totally numb on left side and left hand, limited use of the left hand, depression and other emotional issues and head injury with memory loss."  See February 13, 2007 Notice of Disapproved Claim.  The Commissioner concluded Neal was not disabled and did not qualify for SSI benefits.  Acknowledging Neal had not worked for the past 15 years, the Commissioner nevertheless concluded Neal retained satisfactory function and movement in his back and was able to use his hands to grasp and manipulate objects effectively.  Id.

**II.    Discussion**

The Commissioner maintains Neal's 2006 challenge should be dismissed because it is more than nine years after the June 6, 1997 deadline to appeal the Appeals Council's adverse ruling.  See § 405(g) (final decision of Commissioner may be reviewed by a civil action commenced within sixty days after mailing of decision or within further time as Commissioner may allow).  Moreover, the Commissioner asserts the Appeals Council properly found there was no basis to equitably toll the 60-day statute of limitations.  Neal, however, contends he is entitled to equitable relief based on the parties' mutual mistakes of fact and the doctrine of equitable estoppel.  He acknowledges no relevant legal authority to support his position.

The 60-day statute of limitations may be tolled when the Commissioner has engaged in misleading or fraudulent conduct.  Bowen v. City of New York, 476 U.S. 467, 481 (1986)

(equitable tolling justified when mentally ill claimants were precluded from seeking judicial review by government's secretive conduct).  "Federal courts have typically extended equitable tolling only sparingly."  Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990) (garden variety claim of attorney's excusable neglect does not merit equitable tolling).

The related doctrine of equitable estoppel, which Neal invokes to preclude the government from seeking dismissal, also requires a substantial showing.  For example, the United States Court of Appeals for the Third Circuit has noted in the context of the Employee Retirement Income Security Act ("ERISA"), that an equitable estoppel claim requires: "(1) a material representation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances."  Hooven v. Exxon Mobil Corp., 465 F.3d 566, 571 n.4 (3d Cir. 2006) (quoting Curcio v. John Hancock Mut. Life Ins. Co., 33 F.3d 226, 235 (3d Cir. 1994)); accord Wright & Koch, Federal Practice and Procedure: Judicial Review, § 8407 at 429 n.1 (2006) (estopped party must know the facts, intend their conduct to be acted on, and party asserting estoppel must rely on the conduct to their injury).  Estoppel is rarely applicable to government conduct absent serious misconduct or illegality.  See Office of Personnel Management v. Richmond, 496 U.S. 414, 422-24 (1990) (noting the Court has reversed every finding of estoppel against the government ever to reach the Court, but reserving the issue whether an appropriate case could ever warrant estoppel); Schweiker v. Hansen, 450 U.S. 785, 790 (1981).

A party invoking equitable relief must "come into court with clean hands" and have acted in good faith on matters immediately related to the underlying claim.  Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 244 (1933); In re New Valley Corp., 181 F.3d 517, 525

(3d Cir. 1999); Highmark Inc. v. UPMC Health Plan Inc., 276 F.3d 160, 174 (2001). This principle is especially applicable in the context of matters "affected with a public interest," such as the payment and receipt of Social Security benefits from the public trust. See Monsanto Co. v. Rohm & Haas Co., 456 F.2d 592, 598 (3d Cir. 1972) (possession and assertion of patent rights implicates public interest and must be measured by public and private standards of equity).

Neal's loss of disability insurance benefits is significant because he can reapply for disability insurance coverage only if he has worked within the past five years, with extensions for periods of disability, which the Commissioner contends ended in 1992. The Commissioner represented at oral argument that based on Neal's disability insurance history, Neal became ineligible to seek disability benefits as of December 31, 1997. Otherwise, Neal is limited to seeking SSI benefits, which the Commissioner denied in 2007.[1] Neal maintains the Commissioner should be estopped from asserting a statute of limitations defense because the Commissioner: (1) paid benefits for many years with full knowledge of Neal's medical condition and without challenging Neal's entitlement to benefits despite numerous opportunities to do so; (2) affirmed Neal's disability in 1999 after a medical examination by a state agency physician; and (3) forgave Neal's $126,379 overpayment debt. See Plaintiff's Br. at 6-7. Moreover, Neal asserts his lawsuit is timely because it was filed within 60 days of the October 5, 2006 Appeals Council dismissal.

Neal's claim fails.

Neal's only possible recourse for judicial review of the 2006 order would be to reopen the

---

[1] The record includes no reference whether Neal has challenged the 2007 adverse ruling, and Neal does not challenge it in this proceeding. At oral argument, Neal's counsel said he withdrew his challenge to the 2007 SSI ruling to avoid piecemeal litigation in multiple administrative and judicial forums.

1995 ALJ decision, the Appeals Council's 1997 denial of review, or the Appeals Council's 2006 notice of dismissal. These are matters reserved for the Commissioner. See Bacon v. Sullivan, 969 F.2d 1517, 1520 (3d Cir. 1992) (Social Security Act does not permit judicial review of Appeals Council's decision not to allow an untimely appeal) (citing Califano v. Sanders, 430 U.S. 99, 107-08 (1977) (Social Security Act does not permit judicial review of Commissioner's decision not to reopen a disability determination); 20 C.F.R. § 404.972 (dismissal of request for Appeals Council review is not subject to review)).

The October 5, 2006 decision corrected an overpayment and conformed Neal's benefits to the 1995 ALJ decision. To the extent Neal seeks to challenge that portion of the decision dealing with repayment of $126,379, the issue is moot because the Commissioner has agreed Neal does not have to repay the money. Thus any "mutual mistake of fact" has benefitted Neal. No legal doctrine – equitable or otherwise – justifies the notion that the Commissioner's decision to waive repayment based on a mistake that benefitted Neal should estop the Commissioner from asserting legal defenses to the underlying issue of Neal's disability status. Neal does not contend the ALJ's decision authorized benefit payments past July, 1992. Thus, Neal has no basis to contest that portion of the 2006 decision that discontinued his benefits.

Moreover, the Commissioner's erroneous continuation of benefits into 2006 cannot provide a basis for Neal's entitlement to future ongoing benefits. Although the administrative appeals judge noted in 1998 Neal was currently receiving benefits, that observation was not a legal decision on the merits of Neal's entitlement to benefits in perpetuity. The judge's comment merely reflected the state of the Commissioner's record, albeit erroneously. It was not, as Neal claims, ratification of his "entitlement to disability." See Plaintiff's Answer at para. 17. Neal

has offered no evidence to suggest he was somehow prejudiced by the judge's observation or the continued payment of benefits. The Commissioner's erroneous payment of benefits cannot be viewed as its "acceptance" of Neal as disabled under the Social Security Act. See Planitiff's Br. at 5, 8. Rather, the Commissioner's payment of medical bills and benefits rested on the Commissioner's predicate administrative error, not on any substantive review of the merits of Neal's condition between 1995 and 2006.

Similarly, the Commissioner's 1999 decision finding that Neal's disability was "continuing" does not estop the Commissioner from correcting its underlying error and denying Neal disability benefits as of March, 2006. The record establishes Neal was aware of the limited scope of the ALJ's 1995 decision. He requested review of the 1995 decision, but the request was denied in April, 1997. He then unsuccessfully attempted in July, 1997 and May, 1998 to challenge the Appeals Council's denial of his petition for review of the ALJ's partially unfavorable decision. These facts, standing alone, establish that Neal knew the ALJ's decision was less than favorable and that his entitlement to benefits was limited. It is uncontested that Neal was notified of the ALJ's decision that his benefits extended only through 1992. At no time did Neal alert the Commissioner of the erroneous payments and attempt to clarify his status or file a new application for disability insurance benefits.[2]

At oral argument, attorney Hoffman conceded he had no valid explanation why Neal continued to accept benefit checks that Neal knew he was not entitled to receive. Attorney

---

[2] At oral argument, it became clear that attorney Hoffman was not copied on much of the correspondence the Commissioner sent to Neal concerning his benefit payments and other administrative matters between 1998 and 2006. There is no basis to suggest that attorney Hoffman was in any way complicit in Neal's ongoing receipt of erroneous benefits. Rather, attorney Hoffman has acted in good faith in an attempt to clarify and correct Neal's status. At oral argument he acknowledged that he would ensure that Neal would "do the right thing."

Hoffman's only justification was to suggest Neal was unschooled in the law and had been "plied" by the Commissioner with numerous mailings acknowledging Neal's disability.  Even assuming Neal did not act dishonestly, his receipt of the $126,379 raises doubts whether he "comes to court with clean hands," Keystone Driller Co., 290 U.S. at 244.  This undermines any possible claim he may have to equitable relief based on the various errors the Commissioner made.

      Neal suffered no prejudice from the Commissioner's 2006 discontinuation of benefits.  Instead, he received a windfall by receiving payments without following all proper procedures that govern all other claimants.  The 1999 medical examination affirming his right to continued disability insurance payments was premised on the erroneous fact that in 1995 an ALJ had found he was disabled beyond 1992.  The Commissioner's payment of Medicare benefits throughout the contested period was premised on the same predicate error.  A state agency determination of Neal's continuing disability in 1999 does not establish Neal remained disabled in 2006 or that he was entitled to benefits in perpetuity.  Moreover, the 1999 determination did not affect Neal's ability to reapply for disability benefits because his insured status had expired two years earlier in 1997 and he retained no legal right to seek disability benefits.

      Similarly, Neal suffered no prejudice from the June 23, 1998 observation of the administrative appeals judge that Neal was already collecting benefits.  At that point, Neal was no longer eligible to claim insured status after December 31, 1997, and the judge's comment could not have led Neal to forego any right to benefits since his rights had already expired.  Neal knew in 1998 he was already collecting benefits beyond the date set by the ALJ,[3] and he could have filed a new application setting forth any new medical conditions he suffered before 1997

---

[3] Neal began receiving benefit payments in September, 1995 and they continued through March, 2006.  See Jones declaration at Exh.2.

that justified new or supplemental benefits. The Commissioner conceded at oral argument that Neal may still seek administrative relief for medical conditions that existed within the pre-1997 period by offering new and material evidence.[4]

Nor can attorney Hoffman's health problem excuse Neal's tardy filings. Excusable neglect cannot toll a statute of limitations. Irwin, 498 U.S. at 96. In any event, attorney Hoffman's medical issues developed on July 11, 1998 – well after the 60-day period in which Neal could have challenged the ALJ's 1995 opinion. Neal had already missed the June 6, 1997 appeal deadline when attorney Hoffman's medical problems arose.

Neal's decision to challenge the offset for his worker's compensation benefits finally triggered the Commissioner's scrutiny of his file. The discovery of a government error, which had benefitted Neal for years, cannot estop the government from asserting whatever legal defenses it may have to correct what the parties agree was an error.

Finally, there is no evidence the Commissioner made any material representation that Neal reasonably relied upon to his detriment or any evidence of extraordinary circumstances to justify the relief Neal seeks. Hooven, 465 F.3d at 571 n.4. The Commissioner's error was a simple mistake, not a material misrepresentation. Even assuming it constituted a "misrepresentation," Neal's reliance on it was unreasonable in light of the ALJ's 1995 decision, and Neal suffered no prejudice by receiving $126,379 in benefits he was not legally entitled to receive. To the extent Neal maintains he was prejudiced by the Commissioner's erroneous suggestion in March, 2006 that Neal had 60 days to challenge the termination of his benefits,

---

[4] Even if Neal were to prevail and obtain benefits now for the period between 1995 and 2006, he has already received payments for that period. Attorney Hoffman said it would be important nonetheless to clarify the record of Neal's actual disability history to assist the Commissioner in resolving any future petitions he may file for SSI benefits.

Neal is incorrect.  Although the Commissioner's 2006 form language was erroneous, Neal suffered no prejudice since he had mistakenly received benefits and had missed the opportunity to judicially challenge the underlying 1995 ALJ decision.

Neal cannot secure judicial review by his bald assertion of unfairness in the way events unfolded.  Both sides share some blame, but Neal received a windfall and cannot now justify his failure to timely challenge the ALJ's 1995 decision.  Even assuming Neal can avoid dismissal and merits judicial review, his claim fails on the merits for the reasons set forth herein.

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this 18th day of June, 2007, it is respectfully recommended that Neal's motion for judicial review is DENIED, and the Commissioner's motion to dismiss is GRANTED.  In the alternative, Neal's claim lacks merit and is DENIED.

BY THE COURT:

 /s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE